IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1184 T
(JUDGE HODGES)

LOCUS TELECOMMUNICATIONS, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

# DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant, the United States, for its answer to plaintiff's complaint, denies each and every allegation that is not admitted or otherwise expressly addressed below. Defendant also:

1. Admits that this action is brought under §§ 6532 and 7422, Internal Revenue Code, seeking to recover Federal excise taxes, but denies that plaintiff is entitled to any recovery.
2. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.
3. Admits the allegations contained in paragraph 3.
4. Admits the allegations contained in paragraph 4.
5. Avers that jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491.
6. Admits that plaintiff seeks to recover Federal excise taxes, but denies that plaintiff is entitled to any recovery.

7. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.
8. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.
9. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.
10. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.
11. Paragraph 11 contains a conclusion of law which requires no response.
12. Paragraph 12 contains plaintiff's paraphrasing of the statute and a conclusion of law which requires no response.
13. Paragraph 13 contains a conclusion of law which requires no response.
14. Paragraph 14 contains plaintiff's paraphrasing of the statute and a conclusion of law which requires no response.
15. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.
16. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.
17. Denies the allegations contained in paragraph 17.

18. Paragraph 18 contains a conclusion of law which requires no response.

19. Admits the allegations contained in paragraph 19.

20. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26.

27. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation that the five Forms 8849 were filed with the IRS.

28. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32.

33. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34.

35. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36. Admits that no action has been taken to refund any excise tax amounts.

37. Paragraph 37 contains plaintiff's characterization of the decision in *American Bankers Insurance Group v. United States*, 408 F.3d 1328 (11th Cir. 2005), which requires no response.

38. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Admits that plaintiff sent a letter to the United States Department of the Treasury, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

40. Admits the allegations contained in paragraph 40.

41. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42. Defendant repeats its responses to the referenced paragraphs.

43. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51.

52. Admits the allegations contained in paragraph 52 as to the one claim for refund listed in paragraph 19.

53. Admits the allegations that the dates of the filings of the claims for refund listed in paragraphs 27-30 and 31-34 differ from the date of filing of the claim for refund listed in paragraph 19, but denies that it may be stipulated that the IRS will not take action on the claims.

54. Denies the allegations contained in paragraph 54.

55. Admits that the IRS refuses to refund any excise taxes to plaintiff but denies that plaintiff has any overpayments.

56. Denies the allegations contained in paragraph 56.

ADDITIONAL DEFENSES

57. In further answer to the complaint, defendant specifically pleads that this Court lacks jurisdiction in this action over the claims for refund alleged to have been filed on May 16, 2005, with respect to the quarters ended March 31, 2004, through March 31, 2005 (paragraph 27), and the claims for refund alleged to have been filed on May 26, 2005, and August 12, 2005, with respect to the quarter ended April 30, 2005 (paragraphs 31 and 33). Because the complaint was filed on November 9, 2005, less than six months after the foregoing claims for refund were alleged to have been filed, the Court lacks jurisdiction over the claims. 26 U.S.C. § 6532(a). Accordingly, the foregoing claims for refund must be dismissed from this action.

58. The nature of plaintiff’s communications services is not clear from the complaint. Because plaintiff paid federal excise tax on its own account, it appears that plaintiff is a communications services provider or reseller and it collected

the federal excise tax from purchasers of its communications services. Accordingly, to the extent that plaintiff may establish that federal excise taxes are not due on the services at issue in this case, § 6415(a) bars plaintiff from such recovery unless plaintiff establishes that it has repaid the claimed taxes to the purchasers from whom the taxes were collected or obtains the consent of the purchasers to the allowance of plaintiff's refund claims.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice, with all allowable costs assessed against plaintiff.

Respectfully submitted,

January 9, 2006
Date

s/G. Robson Stewart

G. ROBSON STEWART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6493

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief
Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

January 9, 2006
Date

s/Steven I. Frahm
Of Counsel

Attorneys for Defendant