IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1184 T
(Judge Hodges)

LOCUS TELECOMMUNICATIONS, INC.,

Plaintiffs

v.

THE UNITED STATES,

Defendant

# JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraphs 4 and 5 of RCFC Appendix A, the parties submit the following information:

## a. JURISDICTION

Plaintiff's Statement

A federal court has jurisdiction over a tax refund suit brought under 26 USCA § 7422, if there has been either a rejection of the administrative claim by the IRS or the expiration of the six month period for IRS consideration of the claim after filing of the suit, whichever occurs earlier. 26 USCA § 6532 (a)(1).

IRS "rejected" Locus' refund claims filed on May 16 and 26, 2005 and August 12, 2005 when it issued its Public Notice on October 26, 2005 (2005-46; 2005-79) ("2005 Public Notice").

This 2005 Public Notice provided, inter alia, that despite the government's recent loss in the 11th Circuit and questions regarding the applicability of the communications excise tax, the government is continuing "to litigate this important issue" (despite the fact that the 11th Circuit's decision was not appealed to the Supreme Court).

In its 2005 Public Notice the IRS stated:

> "Persons paying for taxable communications services (taxpayers) are required to pay the tax to a collecting agent (the person receiving the payment on which tax is imposed), and collecting agents are required to pay over the tax to the United States Treasury and to file the required returns. Taxpayers may preserve any <u>claims for overpayments</u> by filing administrative claims for refund with the Service pursuant to § 6511. Taxpayers are advised, however, that these claims, <u>including claims for which appellate venue would lie in the United States Court of Appeals for the Eleventh Circuit, will not be processed</u> while there are pending cases in other United States Courts of Appeals." (Emphasis added).

The IRS 2005 Public Notice not only rejects all claims such as Plaintiff's under §6532 but acknowledges that it is fully aware of the issues raised by all of Plaintiff's claims as Plaintiff's refund claims filed on May 16 and 26, 2005 and August 12, 2005 arise out of the same circumstances, are based on the same facts but for the tax periods covered and involve the same legal issues.

Further, the stated "purpose" of the 6-month period is "to provide ample opportunity for administrative determination of the claim." *Gerrard v. Campbell*, 81 F. Supp. 752 (N.D. Ill. 1949). It is clear that the IRS does not need any additional time or the "opportunity" to consider Locus's claim as it has publicly repudiated all such claims; but it has engaged in litigation for several years over the facts and issues underlying Locus' claim and has failed in that litigation to sustain its position on the applicability of the excise tax and continues to pursue other "pending cases" in the nation's various Court of Appeals. See, *American Bankers Insurance Group v. United States*, 308 F. Supp.2d 1360 (S.D. Fl. 2004), *aff'd* 408 F.3d 1328 (11th Cir. 2005); *Office*

*Max, Inc. v. United States*, 309 F. Supp.2d 984 (N.D. Ohio 2004), *aff'd* 428 F.3d 583 (6th Cir. 2005); *National Railroad Passenger Corp. v. United States*, 338 F. Supp.2d 22 (D.C. Cir. 2004), *aff'd* 431 F.3d 374 (D.C. Ct. App. 2005); *America Online, Inc. v. United States*, 64 Fed. Cl. 571 (2005), appeal filed with the Federal Circuit on June 27, 2005 (Fed. Cir. No. 05-5138); *Honeywell Int'l, Inc. v. United States*, 64 Fed. Cl. 188 (2005), appeal filed with the Federal Circuit on July 12, 2005 (Fed. Cir. No. 05-5145); *Reese Bros., Inc. v. United States*, 2004 WL 2901579 (W.D. Pa. 2004); *Fortis, Inc. v. United States*, 2004 WL 2085528 (S.D.N.Y. 2004); *Hewlett-Packard Co. v. United States*, 2005 WL 1865419 (N.D. Ca. 2005).

In *Sorenson v. Secretary of the Treasury of the United States*, 752 F2d 1433 (9th Cir. 1985), cert. granted, 472 US 1016 and judgment aff'd, 475 US 851 (1986), it was held that –

> "[u]nder the provisions of this section [6532], a suit is not precluded if the IRS renders a decision on the claim within that period. The section does not say that suit is precluded until notice of that decision is given to the taxpayer. Rather, it is the time of the decision that is controlling. This is perfectly logical, in that the purpose of this portion of the statute is served if no suit is filed before the Secretary has made his decision or the six months' reasonable time for doing so has expired. Notice to the taxpayer has no bearing on the policy reasons for this portion of the statute."

It is clear from the 2005 Public Notice that the IRS has rendered a decision denying all excise tax refunds of the type Plaintiff has filed.

Further, in the interests of judicial economy, the court's jurisdiction over subsequent claims arising from the same facts and involving the same legal issues and parties should extend thereby to the Plaintiff's claims for the tax periods 2004 and 2005.

Section 6415(a) is no bar to Plaintiff's recovery because Plaintiff will show that it has borne the economic burden of the excise tax by having itself paid those taxes without passing them along to its customers so that no obligation arises to make any refund of its recovery to its

customers. Further, section 6415(a)'s provisions regarding a showing of consent of its purchasers to plaintiff's pursuit of refund claims is not at this time a bar to Plaintiff's recovery. It is recognized that obtaining consents is problematical until the right to a refund is established and that the right to file proof of such consent exists at any time before the refund is made. *Chicago Milwaukee Corp. v. United States*, 74 AFTR2d 94-6830 (Fed. Cir. 1994).

Should the court decide that the IRS has not constructively denied Plaintiff's claims for refund filed May 16, 2005 and May 26 and August 12, 2005, despite the IRS' insistence in numerous courts that the excise tax does apply to these communications services so that no rights to refund of their payments exist and irrespective of its 2005 Public Notice, Plaintiff shall amend its complaint forthwith or file a new complaint based on these filings and contemporaneously file a motion to have them consolidated with this complaint.

Defendant's Statement

Defendant avers that jurisdiction, if it exists in this case, would be conferred by 28 U.S.C. § 1491. Defendant asserts, however, that this Court lacks jurisdiction in this action over the claims for refund plaintiff alleges were filed on May 16, 2005, with respect to the quarters ended March 31, 2004, through March 31, 2005 (complaint paragraph 27), and the claims for refund alleged to have been filed on May 26, 2005, and August 12, 2005, with respect to the quarter ended April 30, 2005 (complaint paragraphs 31 and 33). Because the complaint was filed on November 9, 2005, less than six months after the foregoing claims for refund were alleged to have been filed, the Court lacks jurisdiction over those claims. 26 U.S.C. § 6532(a). Because no party can waive statutory jurisdictional requirements, the complaint must be dismissed as untimely. *Stelco Holding Co. v. United States*, 42 Fed. Cl. 101 (1998); *RHI Holdings, Inc. v.*

*United States*, 142 F.3d 1459 (Fed. Cir. 1998). Moreover, IRS Notice 2005-79, 2005 WL 2671273, only states that claims for refund of communications excise tax are not being processed, not that such claims are being denied. Accordingly, the IRS has not constructively denied plaintiff's claims for refund and the complaint must be dismissed.

In addition, because plaintiff paid federal excise tax on its own account, it appears that plaintiff is a communications services provider or reseller and it may have collected the federal excise tax at issue from purchasers of plaintiff's communications services. Accordingly, § 6415(a) would bar plaintiff from any recovery here unless plaintiff establishes that it has repaid the claimed taxes to the purchasers from whom the taxes were collected or has obtained the consent of the purchasers to plaintiff's pursuit of refund claims here.

b. CONSOLIDATION

The parties know of no other case before the Court of Federal Claims with which this case should be consolidated.

c. BIFURCATION OF TRIAL

In the event of a trial in this case, the parties believe that separate trials on the questions of liability and damages are unnecessary, and all evidence necessary to resolve both questions should be presented together. We would ask the Court initially to determine the question of liability only, and afterwards, depending upon the Court's ruling on the merits of the dispute, permit the parties a reasonable period to perform and agree upon any necessary recomputation of the tax, penalty, and interest due, so that the parties can submit a stipulation as to the amount of any judgment. This will avoid devoting unnecessary attention to computations at trial.

d. DEFERRAL OF PROCEEDINGS

There are two cases pending before the Court of Appeals for the Federal Circuit, America Online, Inc. v. United States, Fed. Cir. No. 05-5138, and Honeywell, Int'l. v. United States, Fed. Cir. No. 05-5145, which concern the same substantive issues involved here. At this juncture, however, the parties believe that it is sensible to continue with proceedings in this case while those cases are on appeal. The parties know of no basis for transferring this case to another tribunal.

e. REMAND OR SUSPENSION

Not applicable.

f. ADDITIONAL PARTIES

The parties know of no additional parties to be joined.

g. DISPOSITIVE MOTIONS

In the event that the parties are unable to resolve informally the jurisdictional issues, defendant would file an appropriate motion to dismiss. To the extent any substantive issues survive such a motion to dismiss, they may be susceptible to resolution by summary judgment.

h. ISSUES

The fundamental issue in a tax refund suit is whether the taxpayer can establish that it has overpaid its taxes for the years in suit. See Lewis v. Reynolds, 284 U.S. 281 (1932); Dysart v. United States, 169 Ct. Cl. 276, 340 F.2d 624 (1965). The specific substantive issue raised in this refund suit is whether the amounts allegedly paid by plaintiff for certain communications services are subject to the communications excise tax imposed by I.R.C. § 4251.

i. SETTLEMENT

Plaintiff's Statement

Plaintiff submits that the judicial determinations of the issues listed following have consistently been rendered in favor of the taxpayer and against Defendant so that issues of tax administration would seem to have been resolved. See, *American Bankers Insurance Group v. United States*, 308 F. Supp.2d 1360 (S.D. Fl. 2004), *aff'd* 408 F.3d 1328 (11th Cir. 2005); *Office Max, Inc. v. United States*, 309 F. Supp.2d 984 (N.D. Ohio 2004), *aff'd* 428 F.3d 583 (6th Cir. 2005); *National Railroad Passenger Corp. v. United States*, 338 F. Supp.2d 22 (D.C. Cir. 2004), *aff'd* 431 F.3d 374 (D.C. Ct. App. 2005); *America Online, Inc. v. United States*, 64 Fed. Cl. 571 (2005), appeal filed with the Federal Circuit on June 27, 2005 (Fed. Cir. No. 05-5138); *Honeywell Int'l, Inc. v. United States*, 64 Fed. Cl. 188 (2005), appeal filed with the Federal Circuit on July 12, 2005 (Fed. Cir. No. 05-5145); *Reese Bros., Inc. v. United States*, 2004 WL 2901579 (W.D. Pa. 2004); *Fortis, Inc. v. United States*, 2004 WL 2085528 (S.D.N.Y. 2004); *Hewlett-Packard Co. v. United States*, 2005 WL 1865419 (N.D. Ca. 2005).

Defendant's Statement

Defendant does not believe that this case is susceptible to settlement or ADR because a judicial determination of the issues involved here is important for the purposes of tax administration.

j. TRIAL

At this juncture, the parties believe that the substantive issues in this case may be susceptible to resolution by summary judgment so that a trial will not be necessary.

k. ELECTRONIC CASE MANAGEMENT

At this juncture, the parties are not aware of any special issues regarding electronic case management needs.

l. OTHER INFORMATION

<u>Plaintiff's Statement</u>

Plaintiff submits the IRS' Public Notice of October 26, 2005 (2005-46; 2005-79) and a press report of an appeal by industry representatives to the Secretary of the Treasury in regard to the issues raised by this case. "Treasury Chief Asked to Help Settle IRS Excise Tax Issue." Telecommunications Reports, December 15, 2005, Vol. 71, No. 24, p. 22. Copies attached.

<u>Defendant's Statement</u>

At this time, defendant is not aware of any other information of which the court should be aware at this time.

PROPOSED DISCOVERY PLAN

In the event that the parties are unable to resolve informally the jurisdictional issues, defendant would file an appropriate motion to dismiss. To the extent any substantive issues survive such a motion to dismiss, the parties request an initial period for discovery of 120 days from the date the Court enters a discovery order in this case, after which the parties will file a

status report to advise the Court of the progress of discovery. At this point, the parties have not determined whether expert witness testimony will be required in this case.

Respectfully submitted,

March 2, 2006
Date

s/Charles H. Helein
CHARLES H. HELEIN
The Helein Law Group, P.C.
8180 Greensboro Drive
Suite 700
McLean, VA 22102
(703) 714-1300
(703) 714-1330 (fax)

Attorneys for Plaintiffs

March 2, 2006
Date

s/G. Robson Stewart
G. ROBSON STEWART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6493
(202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

March 2, 2006
Date

s/Steven I. Frahm
Of Counsel

Attorneys for Defendant