**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LOCUS TELECOMUNICATIONS INC. | |
| Plaintiff. | Case No. 05-01184T |
| v. | Sr. Judge Robert H. Hodges, Jr. |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**KDI DISTRIBUTION, INC.'S MOTION TO INTERVENE**

Proposed intervenor KDI Distribution, Inc. d/b/a Krossland Communications, Inc. ("KDI") pursuant to RCFC 24(a)(2), hereby moves for leave to intervene as of right in the above-captioned case. As demonstrated in the attached Memorandum in support of this Motion, KDI claims the right to the same telephone excise tax refund that Locus Telecommunications, Inc. ("Locus") is now claiming. Because disposition of the action in Locus's favor will impair KDI's ability to protect its interest in this excise tax refund, the Court should permit KDI to intervene in this case.

Respectfully submitted,

s/ Stephen J. Rosen
Henry D. Levine
Stephen J. Rosen
Levine, Blaszak, Block and Boothby, LLP
2001 L Street, NW, Suite 900
Washington, DC 20036
202-857-2550
Fax 202-223-0833

Attorneys for KDI Distribution, Inc.
July 16, 2008

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LOCUS TELECOMMUNICATIONS INC.<br><br>Plaintiff.<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-01184T<br><br>Sr. Judge Robert H. Hodges, Jr. |

**PROPOSED JUDGMENT ENTRY AND ORDER**

This matter came before the Court this __ day of __________ 2008 upon KDI Distribution, Inc.'s Motion To Intervene. The Court finds the Motion well taken.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that KDI Distribution, Inc.'s Motion To Intervene be granted.

IT IS SO ORDERED.

____________________

Sr. Judge Robert H. Hodges, Jr.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LOCUS TELECOMUNICATIONS INC.<br><br>Plaintiff.<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-01184T<br><br>Sr. Judge Robert H. Hodges, Jr. |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KDI DISTRIBUTION, INC.'S MOTION TO INTERVENE**

Proposed intervenor KDI Distribution, Inc. d/b/a Krossland Communications, Inc. ("KDI"), pursuant to RCFC 24(a)(2), hereby moves for leave to intervene as of right in the above-captioned case. Intervention of right is appropriate when "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest …." RCFC 24(a)(2). As described by the Federal Circuit, "In order to be joined as a party to a pending action under RCFC 24(a), the absent party's 'interest' must be 'of such a *direct* and *immediate* character that the [absent party] will either gain or lose by the *direct* legal operation and effect of the judgment.'" *United Keetoowah Band v. United States*, 480 F.3d 1318, 1324 (Fed. Cir. 2007) (quoting *Am. Mar. Transp., Inc. v. United States,* 870 F.2d 1559, 1561 (Fed. Cir. 1989) (emphasis in original)).

KDI claims the right to the same telephone excise tax refunds that Locus

Telecommunications, Inc. ("Locus") is now claiming and therefore "'will either gain or lose by the *direct* legal operation and effect of the judgment.'" *Id*. Specifically, KDI has filed a refund claim with the IRS claiming entitlement to a refund of the telephone excise tax it has paid on its purchases of prepaid telephone cards ("PTCs") from Locus.

As the first non-carrier in the chain of PTC distribution (*i.e.,* the transferee), KDI—not Locus—is the taxpayer entitled to claim excise tax refunds. Section 4251(d)(1) of the Internal Revenue Code of 1986, as amended ("Code") declares that "in the case of communications services acquired by means of a prepaid telephone card—(A) the face amount of such card shall be treated as the amount paid for such communications services, and (B) *that amount shall be treated as paid when the card is transferred by any telecommunications carrier to any person who is not such a carrier*." In Treas. Reg. § 49.4251-4(d)(1), the Service reiterated that transferees are the taxpayers: "Under section 4251(d), the section 4251(a) tax is imposed on the transfer of a PTC by a carrier to a transferee. *The person liable for the tax is the transferee*." In its operative Notice on telephone excise tax refund claims, I.R.S. Notice 2007-11, 2007-5 I.R.B. 405 (2007), the Service further clarified that the transferee is entitled to the refund. The IRS, citing § 4251(d) of the Code and Treas. Reg. § 49.4251-4(d)(1), stated that "The transferee is the person liable for the tax paid on a PTC and thus generally is the person eligible to request a credit or refund of the tax it paid …." *Id.* at § 6(c).

Against this background, in conjunction with its 2006 income tax return, KDI filed a Form 8913 (Credit for Federal Telephone Excise Tax Paid). This refund claim was audited by the IRS, which, in a letter dated June 20, 2008, disallowed refunds of any taxes paid through Locus because*, inter alia*, "Locus … is currently involved in litigation

with the government concerning its entitlement to the refund of telephone excise taxes."

Because disposition of the instant action in Locus's favor will impair KDI's ability to protect its excise tax refund, the Court should permit KDI intervene in this case.

Respectfully submitted,

s/ Stephen J. Rosen
Henry D. Levine
Stephen J. Rosen
Levine, Blaszak, Block and Boothby, LLP
2001 L Street, NW, Suite 900
Washington, DC 20036
202-857-2550
Fax 202-223-0833

Attorneys for KDI Distribution, Inc.

July 16, 2008